We suspended respondent Michelle Lowney MacDonald from the practice of law for a minimum of 60 days, effective January 31, 2018. Respondent has filed an affidavit seeking reinstatement in which she states that she has complied with the terms of the suspension order, except for successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Effective March 31, 2018, respondent Michelle Lowney MacDonald is conditionally reinstated to the practice of law in the State of Minnesota, subject to her successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, and is placed on probation for 2 years, subject to the following conditions:
(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.
(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.
(c) Respondent shall not engage in the solo practice of law, but shall work in a *343 setting where she is in daily contact with, and under the direct supervision of, another Minnesota licensed attorney. The attorney who directly supervises respondent's work must co-sign all pleadings, briefs, and other court documents that respondent files. This attorney may not be an associate who works for respondent's law firm. Any attorney or law firm with whom she practices shall be informed of the terms of this probation.
(d) In addition to the supervision provided by the attorney referenced in paragraph (c), respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor her compliance with the terms of this probation ("probation supervisor"). Respondent shall give the Director the names of four attorneys who have agreed to be nominated as respondent's probation supervisor within 2 weeks of the date of this order. If, after diligent effort, respondent is unable to locate a probation supervisor acceptable to the Director, the Director shall appoint a probation supervisor. Until such probation supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (e) below. Respondent shall make active client files available to the Director upon request.
(e) Respondent shall cooperate fully with the probation supervisor and the Director's efforts to monitor her compliance with this probation. Respondent shall contact the probation supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall provide the probation supervisor with an inventory of all active client files by the first day of each month during the probation. With respect to each active file, respondent shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's probation supervisor shall file written reports with the Director quarterly or at such more frequent intervals as the Director may reasonably request.
(f) Respondent shall initiate and maintain procedures that ensure thorough inquiry into, and verification of, factual allegations in pleadings and court filings. Respondent shall also initiate and maintain procedures to ensure timely appeals, including service on all required entities. Within 30 days of the date of this order, respondent shall provide the Director and the probation supervisor, if any, with a detailed written plan outlining such procedures.
(g) Respondent shall take 15 credits in continuing-legal-education coursework in the areas of civil-trial and appellate practice, with at least one course emphasizing each of the following: trial preparation and courtroom decorum.
2. By January 17, 2019, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of the Appellate Courts and serving upon the Director proof of respondent's successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination, under Rule 18(e)(3), RLPR.
BY THE COURT:
/s/ ______________________________
Lorie S. Gildea
Chief Justice
LILLEHAUG, HUDSON and CHUTICH, JJ., took no part in the consideration or decision of this case.